E. F. Keebler, trading as E. F. Keebler & Company, Appellant, v. John F. Devine, Administrator, Appellee.

Gen. No. 21,384.   (Not to be reported in full.)

Appeal from the Superior Court of Cook county; the Hon. M. L. McKINLEY, Judge, presiding. Heard in this court at the March term, 1915. Affirmed. Opinion filed January 3, 1916.

## Statement of the Case.

Action by E. F. Keebler, trading as E. F. Keebler & Company, plaintiff, against John F. Devine, administrator, etc., of the estate of Lucy F. Alexander, deceased, defendant, to recover commissions alleged to be due for negotiations in regard to the lease and sale of certain property. The action was originally instituted against Lucy F. Alexander, who died pending the action. To reverse a judgment of *nil capiat*, plaintiff appeals.

The evidence shows that plaintiff was a real estate broker in Chicago, and Mrs. Alexander resided in Kentucky. Before 1907 plaintiff had negotiated leases for David Mayer of Chicago and been paid commissions therefor by him, and J. Alexander Waller had acted as agent for Mrs. Alexander in relation to the demised premises, but had no authority from her to lease the same. May 31, 1907, plaintiff wrote Mrs. Alexander a letter which related to the leasing of the real estate in question. Gilbert F. Keebler, the son and an employee of plaintiff, testified that plaintiff wrote to Mrs. Alexander at the suggestion of Waller, but Waller denied that he made any such suggestion. In the letter of June 3rd, Mrs. Alexander stated the terms on which she was willing to lease the real estate for thirty or ninety-nine years. One of the conditions stated was that the tenant "should give a bond to

guarantee the lease.'' The rentals named by Mrs. Alexander in her letter of June 3rd were, for a thirty-year lease from $20,000 to $28,000 per year and $15,000 cash for the buildings then on the premises; and for a ninety-nine year lease, $20,000 to $25,000 per year and $15,000 cash for the buildings. A few days later Gilbert F. Keebler went to the residence of Mrs. Alexander in Kentucky, showed her a copy of her letter of June 3rd and told her that he had a proposition to submit to her for the lease of the property. Keebler was sent to Mrs. Alexander by David Mayer, who paid the expenses of his trip there, but this fact Keebler concealed from Mrs. Alexander and did not disclose the name of the person or corporation who proposed to lease the property, but told her that the individual back of the proposition did not want the name known, and for that reason the Western Trust & Savings Bank would guaranty that his proposition was bona fide. She asked him what his commission would be, and he told her. He remained at her residence a week and communicated with David Mayer by long distance telephone every day. A week after his return to Chicago, Dr. Alexander, the son of Mrs. Alexander, came to Chicago, and Gilbert Keebler and David Mayer met him at Mr. Loesch's office on July 12th. There was some conflict in the testimony as to what was said at this meeting, but there was evidence to the effect that the Co-operative Mercantile Company, a corporation with a capital of $5,000, was mentioned as the proposed lessee; that Alexander said the proposed lessee was not satisfactory, that they would have to give further security; that the Alexanders wanted $100,000 security put up or the Western Trust & Savings Bank in the lease, or its equivalent; that Mayer said: ''I hold my commissions sacred to me, but I cannot ask my client to agree to any such terms,'' and that Alexander then said: ''Mr. Mayer, if that is the case, the deal is off.''

Dr. Alexander wrote plaintiff July 1st, stating that they knew nothing about the corporation; that when the younger Keebler was in Kentucky he emphasized the point that the Western Trust & Savings Bank would be a party to the lease and add greatly to its security. In the letter the terms which Mrs. Alexander demanded were stated. One was that the Western Trust & Savings Bank would be a party to the lease, or a substantial increase in the security by bond or equivalent. From July 12th no communication of any kind passed between the Keeblers or either of them and the Alexanders or either of them until after January 23, 1908, at which time the property was leased by Mrs. Alexander to David Mayer for twenty years.

FELSENTHAL & WILSON, for appellant.

H. J. TONER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. BROKERS, § 98*—*when evidence sufficient to show acting for both parties.* In an action against the lessor to recover commissions for negotiating the lease, evidence examined and *held* to show that plaintiff was acting as agent of the lessee in the transaction.

2. BROKERS, § 62*—*when commissions not recoverable where broker acts for both parties.* A broker who attempts to act for both parties without disclosing the fact to his principals is precluded from recovering commissions for his services.

3. BROKERS, § 62*—*when commissions not recoverable where broker acts for both parties.* In an action against the lessor of property to recover commissions for negotiating the lease, where the evidence shows that plaintiff permitted his son and employee to receive from the lessee the expenses of a trip to the home of the lessor in another State to negotiate the lease, plaintiff cannot recover.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

4. BROKERS, § 90*—*when evidence insufficient to show procuring cause of lease.* In an action by a real estate broker against a lessor to recover commissions, evidence examined and *held* to support a finding that plaintiff was not the procuring cause of the lease.